UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TERRANCE WORTHAM, Plaintiff,

v. Case No. 3:10-cv-1127 (DJS)

THERESA LANTZ, et al., Defendants.

RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The plaintiff is currently incarcerated at the Osborn Correctional Institution in Somers, Connecticut[1]. The remaining claim in this action is one against defendants Peter Murphy, Wayne Choinski and Anthony J. Bruno for denial of appropriate religious meals and other items required by the plaintiff's religion. The defendants have filed a motion for summary judgment. For the reasons that follow, the defendants' motion is granted.

I. Standard of Review

A motion for summary judgment may be granted only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (a). The moving party may satisfy his burden "by showing - - that is pointing out to the district court - - that there is an absence of evidence to support the nonmoving party's case."

[1]The plaintiff was incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut at the time he filed his Complaint.

*PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam) (internal quotation marks omitted). Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). He must present such evidence as would allow a jury to find in his favor in order to defeat the motion for summary judgment. *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).

When reviewing the record, the court resolves all ambiguities and draws all permissible factual inferences in favor of the party against whom summary judgment is sought. *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 274 (2d Cir. 2009). If there is any evidence in the record on a material issue from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is inappropriate. *Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004). However, the existence of a mere “scintilla” of evidence supporting the plaintiff’s position is insufficient to defeat a motion for summary judgment. *Havey v. Homebound Mortgage, Inc.*, 547 F.3d 158, 163 (2d Cir. 2008).

## II. Facts

Before reciting the facts which the Court finds to be undisputed, the Court wishes to address an issue concerning the

plaintiff's filings in opposition to the defendants' motion. The Federal Rules of Civil Procedure expressly provide that "[a]n affidavit or declaration used to . . . oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56 (c) (4). Merely verifying the conclusory allegations of the complaint in an affidavit, however, is insufficient to oppose a motion for summary judgment. *Zigmund v. Foster*, 106 F. Supp. 2d 352, 356 (D. Conn. 2000) (citing cases).

    The Court notes that the plaintiff is representing himself in this matter, and is well aware that "the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d. Cir. 2006) (internal quotation marks omitted). However, "*pro se* parties are not excused from abiding by the Federal Rules of Civil Procedure." *Collins v. Experian Credit Reporting Service*, No. 3:04CV1905 (MRK), 2006 WL 2850411, at *1 (D. Conn. Oct. 3, 2006); *see McNeill v. United States*, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

The defendants contend that the plaintiff "fails to provide any evidence that establishes] any violation of his rights." (Doc. # 49-1, at 8). The Court finds that for the most part, the affidavits filed by the plaintiff in opposition to the defendants' motion merely verify the conclusory allegations of the complaint. For that reason, to the extent that the defendants' factual assertions are properly supported by the evidence and the plaintiff's denials of those assertions are not, the Court will deem those assertions admitted. *See* L. Civ. R. 56(a)3 ("failure to provide specific citations to evidence in the record as required by this Local Rule may result in the Court deeming certain facts that are supported by the evidence admitted in accordance with Rule 56(a)1").

The plaintiff is a Hebrew Israelite confined in the custody of the Department of Correction. Defendant Reverend Anthony Bruno is the Director of Religious Services for the Department of Correction. One of defendant Bruno's responsibilities is to ensure that consistent policies and procedures are applied to all inmates regardless of their place of confinement. Defendant Bruno has met with an imam and rabbi to ensure that food items provided on the Common Fare[2] menu are halal and kosher, meaning

[2]Common Fare is "[a] diet which meets all nutritional requirements and reasonably accommodates recognized religious dietary restrictions." (Doc. # 49-3, at 12).

that the food complies with religious requirements of the Muslim and Jewish faiths. The Department of Correction would incur significant costs and face logistical difficulties if it were to offer kosher meats to inmates who follow a kosher diet. The Department of Correction food service would be seriously hampered by multiple changes in menu items based on variations in religious diets, and an attempt to accommodate such variations would present serious logistical and security problems.

The plaintiff has requested kosher meals that include kosher meat, indicating that Hebrew Israelites don't practice vegetarianism. His request for kosher meat was denied by the Department of Correction. He has also requested that he be served specific food items on days he has identified as his religious high holy days, and, in particular, lamb and other kosher meats. The Department of Correction did not grant that request.

The plaintiff has also requested religious oils, a turban, a prayer undershirt with tassels, wristbands with tassels and a chain with a medallion.  In 2008, defendant Bruno asked the plaintiff to provide more information regarding the turban, wristbands and medallion.  The plaintiff never provided the requested information.  As a result, defendant Bruno assumed that the plaintiff had abandoned his request.  Defendant Bruno denied the request to purchase religious oils from an outside vendor because oils which have been determined not to threaten

institutional safety and security are available for purchase at the commissary. Defendants Murphy and Choinski denied administrative appeals regarding certain of these issues.[3]

III. Discussion

The plaintiff identifies himself as a Hebrew Israelite, a religion different from all of the other religions being practiced at the MacDougall Correctional Institution. He contends that he is not permitted to practice his religion as specified in the Bible. The plaintiff alleges that defendant Bruno informed him that the Common Fare menu meets his nutritional requirements and does not contain any items forbidden by religious dogma, but failed to address his need for kosher meals that include kosher meats, and for lamb and other kosher meats on his holy days. Defendant Bruno also refused to permit the plaintiff to order religious oils from outside vendors. In addition to oils, the plaintiff states that he requires a turban, wrist bands with tassels, a religious medallion and chain and an undershirt with tassels.

---

[3]It is not at all clear from the Inmate Administrative Remedy Forms submitted by the plaintiff that he exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA")as to all of his claims . "Failure to exhaust is an affirmative defense under the PLRA [and the] [f]ailure to plead an affirmative defense in the answer results in the waiver of that defense and its exclusion from the case." *Alster v. Goord*, 745 F. Supp. 2d 317, 332 (S.D.N.Y. 2010)(internal quotation marks and citation omitted). The defendants did not raise failure to exhaust as an affirmative defense and thus have waived that defense.

In his prayer for relief, the plaintiff specified particular forms of relief for each of his claims.  For the claim regarding practice of his religion, the only remaining claim in this action, the plaintiff seeks an

> [i]njunction to stop the Connecticut Department of Correction from selling religious Articles, provide me with kosher meals that corresponds with the regular Master Menu (not common fare), allow me to order religious oils from outside distributor - kosher meals that correspond with my High Holy Days Special Foods and articles on those days.

Compl., Doc. #2 at 24.[4]

The plaintiff also argues that selling religious items in the commissary violated his rights under the "Connecticut State Constitution Article First Sec. 3 and Article I of the United States Constitution" by promoting and endorsing religion.  Doc. #2 at 16, ¶ 30.  Article I of the United States Constitution deals with the powers and duties of Congress.  The Court assumes, therefore, that the plaintiff intended to refer to the First

---

[4]Because the only relief requested with regard to this claim is an injunction, the Court considers this to be a claim against the defendants in their official capacities. *See Taylor v. New York State Office for People with Developmental Disabilities*, No. 1:13-CV-740 (NAM/CFH), 2014 U.S. Dist. LEXIS 38132, at *16 (N.D.N.Y. March 24, 2014)("prospective injunctive relief is available against individuals being sued in their official capacities");*see also Washington v. Gonyea*, 731 F.3d 143, 146 (2d Cir. 2013)("we hold that RLUIPA does not create a private right of action against state officials in their individual capacities").

Amendment of the United States Constitution.

A. Dietary Claims

In his complaint, the plaintiff focuses on the fact that the Common Fare menu is vegetarian and he seeks kosher meat to satisfy his religious requirements. Plaintiff's claim as it relates to religious dietary matters also refers to food items required for designated religious high holy days. Michael Bidens, the Department of Corrections's Chief of Food Service provided an affidavit in support of the defendants' motion for summary judgment in which he stated that "[a]ll food necessary for . . . all inmates to participate in their religious observances can be and are provided through our food services unit." (Doc. # 49-3, at 2, ¶ 7). In response to that affidavit, the plaintiff indicated that "the D.O.C. provide[s] some of the religious foods, but not the lamb and other meats that are needed for the High Holy Days of the Hebrew Israelite." (Doc. # 72-1, at 1, ¶ 3). In light of that clarification, the Court will proceed on the basis that the plaintiff's dietary requirements argument in its entirety is based on the claim that the Common Fare menu is vegetarian and the plaintiff seeks kosher meat to satisfy his religious requirements.

In opposition to the motion for summary judgment, the plaintiff attempts to alter his claim to challenge the definition of kosher food. The plaintiff cannot amend his complaint to add

a new claim in a memorandum. *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998); *see also Mathie v. Goord*, 267 F. App’x 13, 14 (2d Cir. 2008) (district court cannot consider new claims asserted in opposition to motion to dismiss). Thus, any challenge to the definition of kosher is not properly before the Court.

The defendants argue that in another case in this district the court determined that the Common Fare menu satisfied a Hebrew Israelite inmate's religious requirement for a kosher diet. *See Thompson v. Lantz*, No. 3:04cv2084(AWT) (D. Conn. Mar. 28, 2011)(attached to defendants’ memorandum, Doc. #49-1). In that case, the court considered the inmate's claim both under the free exercise clause of the First Amendment and under the Religious Land Use and Institutionalized Persons Act (“RLUIPA”), 42 U.S.C. § 2000cc-1(a). With regard to the First Amendment claim, the court found that the defendants had presented evidence that the Common Fare diet satisfied kosher requirements and was completely acceptable for inmates requiring a kosher diet. The court further concluded that even if the Common Fare menu did not conform to kosher requirements, the defendants had demonstrated that the policy of providing Common Fare meals to inmates requiring kosher meals was reasonably related to the legitimate penological interests of controlling costs and reducing administrative burden. With regard to RLUIPA, the court similarly

concluded that providing Common Fare meals to inmates requiring kosher meals furthered the compelling governmental interests of controlling costs and reducing administrative burdens.

In a different case in this district, a claim by a Muslim that a vegetarian diet violated his religious need for halal[5] meat was likewise rejected. The court held that requiring inmates to utilize the Common Fare menu and not providing them halal meat did not violate either the First Amendment or RLUIPA, since that requirement was "in furtherance of compelling governmental interests including prison security, controlling costs and maintaining workable administrative procedures." *Vega v. Lantz*, No. 304CV1215DFM, 2009 WL 3157586, at *5-8 (D. Conn. Sept. 25, 2009).

The plaintiff does not specify in his complaint whether he asserts a First Amendment or RLUIPA claim. However, his claim fails under either theory. As was the case in *Thompson*, the plaintiff has provided no evidence to support his claim that the Common Fare menu does not satisfy the kosher dietary requirements of a Hebrew Israelite. Nor has he "made a showing that the defendants' proffered reasons are irrational or that the policy is not reasonably related to legitimate penological interests." *Vega*, 2009 WL 3157586, at *7. The defendants have provided

[5]"Halal is a 'Quranic term used to indicate what is lawful or permitted.'" *Vega*, 2009 WL 3157586, at *1 n.3 (quoting the Oxford Dictionary of Islam, 105 (John L. Esposito ed. 2004)).

evidence, in the form of affidavits from the Department of Correction's Director of Religious Services and Chief of Food Services, that an attempt to accommodate the plaintiff's dietary requests would involve significant costs and present serious security and administrative problems. In light of this evidence, and the prior decisions discussed above, the defendants' motion for summary judgment is granted as to the plaintiff's dietary claims.

B. Religious Articles

The plaintiff claims that he requires religious oils from outside vendors, a turban, wrist bands with tassels, a religious medallion and chain, and an undershirt with tassels. The defendants contend that the religious oils from the commissary are sufficient for the plaintiff's needs. They note that the plaintiff may purchase an undershirt with tassels from the commissary and that the plaintiff failed to provide requested information regarding the turban, wristbands, and medallion.

1. Religious Oils

The plaintiff seeks to purchase religious oils from an outside vendor. In opposition, the defendants state that religious oils are available for purchase in the prison commissary. The plaintiff neither presents evidence nor argues

that the religious oils available in the commissary do not meet his religious needs. Instead, he argues that it is inappropriate for the prison to sell such articles. The Court considers this argument below.

As the plaintiff does not assert a claim that the oils available in the commissary violate his rights under the First Amendment or RLUIPA, the defendants' motion for summary judgment on any such claim is denied as moot.

2. Shirt

The plaintiff seeks an undershirt with tassels. The defendants indicate that the plaintiff may purchase such a shirt in the commissary. The plaintiff has provided no evidence in opposition to the motion for summary judgment indicating that the shirt available for purchase does not meet his religious requirements. Thus, the defendants' motion for summary judgment is granted as to the shirt.

3. Turban, Wristbands, and Medallion

The plaintiff claims that his First Amendment right to free exercise of religion has been violated by the defendants as a result of their denial of his requests for a turban, wristbands, and a medallion. The defendants have presented a copy of a letter from defendant Bruno to the plaintiff seeking more information about all of these items, stating that "[y]our requests to

purchase these items will be considered if you provide the necessary documentation and there are no other penological concerns." Bruno Aff., Ex. C, Doc. #49-4 at 20. The plaintiff acknowledges that he did not respond to Bruno's request for additional information. Pl.'s Aff., Doc. #69 at 5, ¶18.

The defendants are entitled to summary judgment if they demonstrate an absence of evidence to support the plaintiff's claim. *See PepsiCo*, 315 F.3d at 105. The evidence demonstrates as a matter of law that the plaintiff has not been denied permission to purchase the turban, wristbands, or medallion. The defendants' motion for summary judgment is granted as to these claims.

C. <u>Sale of Religious Items in Commissary</u>

The plaintiff challenges the sale of religious items in the prison commissary. Prisoners, however, have no constitutionally protected right to purchase items from the commissary. *See Vega v. Rell*, No. 3:09-cv-737(VLB), 2011 WL 2471295, at *25 (D. Conn. June 21, 2011). Thus, the plaintiff's claims regarding the commissary do not rise to the level of a violation of the U.S. Constitution and are not cognizable under section 1983. *See id.; Davis v. Shaw*, No. 08 Civ. 364(NRB); 2009 WL 1490609, at *1 (S.D.N.Y. May 20, 2009).

The plaintiff also challenges the sale of religious items in the commissary as violating the state constitution. "[I]n the

usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - - judicial economy, convenience, fairness, and comity - - will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988). The Court has eliminated all of the plaintiff's federal-law claims and declines to exercise jurisdiction over the remaining state law claim. A determination by a federal court of the plaintiff's claim based on the state constitution "could conflict with the principle of comity to the States . . . ." *Id.* at 350.

IV. Conclusion

The defendants' motion for summary judgment [**Doc. #49**] is **GRANTED.** All federal-law claims against the remaining defendants are dismissed with prejudice. The state-law claim against the remaining defendants is dismissed without prejudice, meaning that the plaintiff may pursue his state constitutional claim in state court if he wishes to do so. The clerk is directed to close this case.

**SO ORDERED** this 13th day of August 2014, at Hartford, Connecticut.

/s/ DJS
Dominic J. Squatrito
United States District Judge